UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 03-12940 |
| | : | |
| CENTER FOR ADVANCED MANUFAC- | : | |
| TURING & TECHNOLOGY A/K/A | : | |
| CAMTECH, DEBTOR | : | |
| | : | |
| CENTER FOR ADVANCED MANU- | : | ADVERSARY NO. 05-1219 |
| FACTURING & TECHNOLOGY A/K/A | : | DOCUMENT NO. 12 |
| CAMTECH, Plaintiff | : | |
| vs. | : | |
| WRIGHTCO TECHNOLOGIES, INC., | : | |
| Defendant | : | |

APPEARANCES:

GUY C. FUSTINE, ESQ., ERIE, PA, ATTORNEY FOR DEBTOR

CLAYTON W. DAVIDSON, ESQ., HARRISBURG, PA, ATTORNEY FOR DEFENDANT

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

OCTOBER      19     , 2005

OPINION

Introduction

On December 2, 2003, the Center for Advanced Manufacturing & Technology a/k/a Camtech ("Debtor" or "Camtech") filed a voluntary Petition under Chapter 11 of the Bankruptcy Code. On October 14, 2004, Debtor's Plan of Reorganization ("Plan") was confirmed.

On June 10, 2005, Debtor filed the within COMPLAINT AGAINST WRIGHTCO TECHNOLOGIES, INC. FOR TURNOVER OF PROPERTY OF THE ESTATE, BREACH OF CONTRACT, AND TO AVOID AND RECOVER FRAUDULENT TRANSFERS (the "Complaint"). Debtor asserts certain causes of action ("Causes of Action") against Wrightco

Technologies, Inc. ("Wrightco" or "Defendant") which are summarized as follows:

    Count I - Turnover - 11 U.S.C. §542(a)

    Count II - Breach of Contract

    Count III - Fraudulent Transfer - 11 U.S.C. §548(a) and (b)

    Count IV - Fraudulent Transfer - 11 U.S.C. §544(b) and 12 Pa. C.S.A. §5105

    Count V - Fraudulent Transfer - 11 U.S.C. §544(b) and 12 Pa. C.S.A. §5104(a)(1)

    Count VI - Fraudulent Transfer - 11 U.S.C. §544(b) and 12 Pa. C.S.A. §5104(a)(2)

Presently before the Court is DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE AND FOR MORE DEFINITE STATEMENT.

Motion to Dismiss

Wrightco posits that, pursuant to Fed.R.Civ.P. 12 (b)(1), which is incorporated by Fed.R.Bankr.P. 7012, that the Complaint must be dismissed because this Court lacks subject matter jurisdiction due to the Debtor's lack of standing to assert the Causes of Action. Wrightco asserts that "[t]he Causes of Action were not retained, assigned and/or transferred to the Debtor as required by the plain language of 11 U.S.C. §1123(b)(3)(B) and therefore, upon confirmation of the Plan, the Causes of Action became unenforceable." Wrightco further asserts that the Complaint must be dismissed because "[t]he Debtor is no longer a debtor-in-possession (due to confirmation of the Plan) and only a 'trustee' has standing to assert the statutory powers under Chapter 5 of the Bankruptcy Code."

Debtor responds that, pursuant to the terms of its Plan, the Debtor retained the Causes of

Action that are set forth in the Complaint against Wrightco and that it is the appropriate entity to pursue the Causes of Action.

## Discussion

Section 1123(b) of the Bankruptcy Code, 11 U.S.C. §1123(b), provides for postconfirmation pursuit of a debtor's bankruptcy causes of action. It provides in relevant part:

> (b) Subject to subsection (a) of this section, a plan may –
>
> . . .
>
> (3) provide for –
> (A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate; or
> (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest;
> . . .

11 U.S.C. §1123(b).

Camtech's Plan specifically provided that "Debtor's attorney will file appropriate complaints in the Bankruptcy Court or other court of appropriate jurisdiction to pursue the Code Created Causes of Action on behalf of the Estate." The Plan at Section 1.14 defines Code Created Causes of Action as:

> 1.14 Code Created Causes of Action: Collectively, (a) causes of action, claims, rights and remedies created by or arising under the Bankruptcy Code, including but not limited to transfers avoidable and/or recoverable under Sections 542, 544, 547, 548, 549 and 550 of the Bankruptcy Code; (b) causes of action, claims, rights and remedies in favor of the Debtor, the estate and creditors, against any third party; and (c) all of the recoveries and proceeds from (a) and (b).

The Plan also defines "Estate" in Section 1.22 as "The above-captioned Chapter 11 estate." The caption on the Plan is "Center For Advanced Manufacturing & Technology A/K/A

3

Camtech."

The Debtor has complied with §1123(b)(3)(B). The provisions of the Plan provide that the Debtor retains the causes of action raised by the Complaint against Wrightco and that the Debtor intends to pursue such action through its attorneys.

Wrightco directs our attention to Hartford Underwriters Insurance Co. V. Union Planters Bank, 530 U.S. 1, 120 S.Ct. 1942 (2000) in support of its position that only a case trustee or a debtor-in-possession may pursue an avoidance action under §542, 544 and 547-550. Wrightco posits that the Plaintiff-Debtor is not a case trustee and is no longer a debtor-in-possession due to confirmation of the Plan.

In Hartford Underwriters, the Supreme Court construed the language "the trustee may" in 11 U.S.C. §506 to mean that only the trustee has standing to seek recovery under §506(c), not other parties, even in the absence of specific language denying others such standing. Hartford Underwriters, 530 U.S. at 6, 120 S.Ct. at 1947. The Hartford Underwriters court stated in a footnote that it did not address whether a bankruptcy court may allow other interested parties to act in the trustee's stead in pursuing recovery under statutes other than §506(c), specifically referring to "the practice of some courts of allowing creditors or creditors' committees a derivative right to bring avoidance actions when the trustee refuses to do so, even though the applicable code provisions, see 11 U.S.C. §544, 545, 547(b), 548(a), 549(a), mention only the trustee." Hartford Underwriters, 530 U.S. at 13, 120 S.Ct. at 1951.

Several decisions since Hartford Underwriters have concluded that the interpretation of "the trustee may" in §506(c) does not apply to other sections of the Bankruptcy Code. In re Railworks Corp., 325 BR 709, 723 (Bankr. D MD 2005) (holding that Hartford Underwriters

4

does not prevent a representative of the estate from bringing a postconfirmation avoidance action in accordance with a confirmed plan); In re J. Allen Steel Co., 323 BR 425, 432-34 (Bankr. WD PA 2005) (distinguishing Hartford Underwriters, to conclude that the unsecured creditors' committee may pursue the debtor's avoidance actions which were assigned to it under a confirmed Chapter 11 plan); In re Together Development Corp., 262 BR 586 (Bankr. D Mass. 2001) (holding that Hartford Underwriters does not apply to a case in which the debtor stipulated that the creditors' committee could pursue avoidance actions).

We are persuaded that the Supreme Court's Hartford Underwriters decision is not an impediment to the Debtor's action here, and that in bringing the Complaint against Wrightco, Debtor appropriately seeks to enforce the Causes of Action that it retained under the Plan. The jurisdiction of this Court continues because these causes of action are part of the Court's core jurisdiction and they were preserved in the Debtor's Plan. In re Railworks Corp., 325 BR at 724.

Wrightco's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1) will be refused.

Motion for More Definite Statement

Wrightco asserts that Debtor has not provided any facts to support its assertion that a fraudulent transfer was made by the Debtor to Wrightco. Our review of the Complaint reveals that the Debtor has alleged sufficiently detailed facts to permit Wrightco to answer properly. Wrightco's Motion for More Definite Statement will be refused.

Motion to Strike Claim for Attorney Fees and Punitive Damages

The Debtor has failed to file any response to Wrightco's Motion to Strike Claim for Attorney Fees and Punitive Damages. The case law cited by Wrightco in its Brief appears to support its position. Debtor's request for attorney fees and punitive damages will be stricken.

_____/s/_____
Warren W. Bentz
United States Bankruptcy Judge

c: Guy C. Fustine, Esq.
   Clayton W. Davidson, Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 03-12940 |
| | : | |
| CENTER FOR ADVANCED MANUFAC- | : | |
| TURING & TECHNOLOGY A/K/A | : | |
| CAMTECH, DEBTOR | : | |
| | : | |
| CENTER FOR ADVANCED MANU- | : | ADVERSARY NO. 05-1219 |
| FACTURING TECHNOLOGY A/K/A | : | DOCUMENT NO. 12 |
| CAMTECH, Plaintiff | : | |
| vs. | : | |
| WRIGHTCO TECHNOLOGIES, INC., | : | |
| Defendant | : | |

## ORDER

This ____19____ day of October, 2005, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED as follows:

1. The Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Wrightco Industries, Inc. is REFUSED.

2. The Motion for More Definite Statement filed by Defendant Wrightco Industries, Inc. is REFUSED.

3. The Motion to Strike Plaintiff's Claim for Attorney's Fees and Punitive Damages filed by Defendant Wrightco Industries, Inc. is GRANTED.

4. Wrightco Industries, Inc. shall file an Answer to the Complaint within 20 days.

5. Discovery is open.

6. A status conference is fixed for January 9, 2006 at 11:40 a.m. in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA. Only 10 minutes have been reserved on the Court's calendar. All parties may participate by telephone pursuant to instructions on the Court's website.

      7.  This is an interlocutory Order and not subject to appeal pending final resolution of all issues.

                                            _____/s/_____
                                            Warren W. Bentz
                                            United States Bankruptcy Judge

c: Guy C. Fustine, Esq.
   Clayton W. Davidson, Esq.